UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                    )
FRONTIER AIRLINES, INC.,            )
                                    )
       Petitioner,                  )
                                    )
v.                                  )    Docket No. 25-1002
                                    )
UNITED STATES DEPARTMENT            )
OF TRANSPORTATION,                  )
                                    )
       Respondent.                  )
_____)

# ATTACHMENT TO DOCKETING STATEMENT OF PETITIONER FRONTIER AIRLINES, INC.

**Response to Docketing Statement Question 6(e), Basis of Petitioner's Claim of Standing:**

      Pursuant to Circuit Rule 15(c)(2), the docketing statement must include a brief statement of the basis for the Petitioner's claim of standing. To establish standing, a party:

> must demonstrate that: (i) it has suffered an injury-in-fact that is 'concrete and particularized' and 'actual or imminent'; (ii) the injury is 'fairly traceable to the challenged action' of the respondent; and (iii) it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'

*Exhaustless Inc. v. Fed. Aviation Admin.*, 931 F.3d 1209, 1212 (D.C. Cir. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Petitioner Frontier Airlines, Inc. (Frontier) has standing because it has been injured in fact by the

United States Department of Transportation (DOT) action at issue, because its injuries are traceable to that action, and because those injuries would be redressed by a favorable ruling from this Court. *Exhaustless*, 931 F.3d at 1212 ("When a petitioner itself is the object of the challenged agency action, there usually is little doubt of causation.").

In short, Frontier calls for the Court's partial review and vacatur of DOT Final Order 2024-12-8 (Final Order), Docket DOT-OST-2024-0065, through which DOT allocated 10 "slot exemptions" at Ronald Reagan Washington National Airport (DCA). In relevant part, two of these slot exemptions (enough for one roundtrip flight) were made available to "incumbent air carriers qualifying for status as a limited incumbent carrier at [DCA] as of the date of enactment of the FAA Reauthorization Act of 2024 [FAA 2024]." 49 U.S.C. § 41718(i)(3); *see also id.* § 41714(h)(5).

Frontier applied for the two slot exemptions reserved for a "limited incumbent carrier." DOT, however, determined that Frontier did not qualify as a "limited incumbent carrier" at DCA, was therefore ineligible to apply for these slot exemptions, and thus denied Frontier's application without considering its merits.

DOT further held that Alaska Airlines, Inc. (Alaska) is the only airline that qualifies as an eligible "limited incumbent carrier" at DCA, and accordingly awarded these two slot exemptions to Alaska. In doing so, DOT chose to not apply

statutory provisions that disqualify Alaska from being considered a limited incumbent carrier at DCA. *See* 49 U.S.C. § 41714(k). DOT directed Alaska to begin servicing its new flight under these slot exemptions no later than March 17, 2025. Alaska has confirmed that it will do so.

A proper application of the relevant statutes and regulations would make Frontier the only limited incumbent carrier eligible for these slot exemptions, necessitating that DOT award them to Frontier. DOT's two contrary and erroneous determinations—that (1) Frontier is not a "limited incumbent carrier" and thus ineligible to apply for these slot exemptions, and (2) Alaska is the only carrier eligible as a "limited incumbent carrier" and thus entitled to these slot exemptions—harm Frontier through, among other things, depriving it the benefits of operating a new roundtrip flight at DCA. A favorable decision from this Court, properly applying the relevant statutes and regulations and vacating DOT's Final Order, would redress Frontier's injuries.

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I caused a true and accurate copy of the foregoing Docketing Statement and attachment to be served by hand delivery upon the following:

Secretary Pete Buttigieg
United States of America Department of Transportation
Office of the Secretary
1200 New Jersey Ave, SE
Washington, DC 20590

United States of America Department of Transportation
Office of the General Counsel
1200 New Jersey Ave, SE
Washington, DC 20590

Respectfully submitted:

/s/  Lorene L. Boudreau
Lorene L. Boudreau
D.C. Circuit #55126
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Direct: 215.864.8245
Fax: 215.864.8999
boudreaul@ballardspahr.com

*Counsel for Petitioner Frontier Airlines, Inc.*