# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-1002**  **September Term, 2024**

DOT-OST-2024-0065

**Filed On:** February 6, 2025

Frontier Airlines, Inc.,

      Petitioner

   v.

United States Department of Transportation,

      Respondent

------------------------------

Alaska Airlines, Inc.,
      Intervenor

      **BEFORE:**   Childs, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for partial stay pending review and for expedition, the oppositions thereto, and the reply, it is

**ORDERED** that the motion for partial stay be denied. Petitioner has not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2024). In particular, petitioner has not established that, absent a stay, it will suffer irreparable harm that is "both certain and great." Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam). The prospect of harm to respondent-intervenor and to the public interest also weighs against a stay. See id. at 673–74. In addition, petitioner failed to first seek a stay from the agency, and petitioner has not demonstrated that doing so would have been impracticable. See Fed. R. App. P. 18(a)(1), (2)(A). It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1002**　　　　　　　　　　　　　　　　**September Term, 2024**

**FURTHER ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---|
| Certified Index to the Record | February 11, 2025 |
| Petitioner's Opening Brief | February 24, 2025 |
| Joint Appendix | February 24, 2025 |
| Respondent's Brief | March 17, 2025 |
| Respondent-Intervenor's Brief | March 24, 2025 |
| Petitioner's Reply Brief | April 7, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing . . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioner should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43–44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-1002**                           **September Term, 2024**

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  <u>See</u> Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  <u>See</u> D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                      **FOR THE COURT:**
                                      Clifton B. Cislak, Clerk

            BY:     /s/
                                        Selena R. Gancasz
                                        Deputy Clerk