No. 25-1002

# In the United States Court of Appeals for the District of Columbia Circuit

FRONTIER AIRLINES, INC.

*Petitioner,*

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent.*

ALASKA AIRLINES, INC.

*Intervenor,*

On Petition for Review of a Final Order of the U.S. Department of Transportation

**Motion of Spirit Airlines, Inc. for Leave to Intervene in Support of Petitioner**

Joanne W. Young
*Counsel of Record*
David M. Kirstein
Donald L. Crowell III
KIRSTEIN & YOUNG PLLC
1750 K Street NW, Suite 700
Washington, DC 20006
(202) 331-3348

*Counsel for Spirit Airlines, Inc.*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), Spirit Airlines, Inc. hereby submits its Certificate as to Parties Rulings, and Related Cases:

I. Parties

Petitioner in this matter is Frontier Airlines, Inc.

Respondent in this matter is the U.S. Department of Transportation.

Intervenors in this matter include Alaska Airlines, Inc., which was allowed to intervene in support of Respondent on January 27, 2025. Spirit Airlines, Inc. seeks to intervene in support of Petitioner through this motion.

II. Rulings Under Review

Frontier seeks review of the Department of Transportation Final Order 2024-12-8 in Docket DOT-OST-2024-0065, see J.A. 485–96, as well as all interlocutory orders, decisions, determinations, and conclusions supporting the above Final Order.

III. Related Cases

On February 14, 2025, Alaska filed a Petition for Review, docketed as *Alaska Airlines, Inc. v. United States Department of Transportation*, No. 25-1062 (D.C. Cir.). Alaska requested that its Petition be consolidated with No. 25-1002 because Alaska conditionally challenges the same Final Order. As of this filing, Alaska's

Petition for Review has not been consolidated with Case No. 25-1002, and this Court has held that matter in abeyance pending a decision in this case. Spirit is not aware of any other related cases currently pending in this Court or any other court within the meaning of Circuit Rule 28(a)(1)(C).

| | |
|---|---|
| Dated: February 25, 2025 | Respectfully submitted, |
| | <u>/s/ Joanne W. Young</u><br>Joanne W. Young |
| | *Counsel for Spirit Airlines, Inc.* |

# GLOSSARY

| | |
|---|---|
| 2024 FAA Reauthorization | FAA Reauthorization Act of 2024, Pub. L. No. 118-63, 138 Stat. 1025 |
| Alaska | Alaska Airlines, Inc. |
| DCA | Ronald Reagan Washington National Airport |
| DOT | Department of Transportation |
| Frontier | Frontier Airlines, Inc. |
| Spirit | Spirit Airlines, Inc. |

Spirit Airlines, Inc. (Spirit) respectfully seeks leave to intervene in support of Petitioner, Frontier Airlines, Inc., pursuant to Fed. R. App. P. 15(d).[1] Spirit has standing and "fully participated in the proceedings before the" Department of Transportation to award two limited incumbent slot exemptions at Reagan National Airport (DCA) made available under Section 502 of the 2024 FAA Reauthorization. *Synovus Fin. Corp. v. Bd. of Governors of Fed. Res. Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991); *see also* J.A. 177-80 (Spirit Letter re Eligibility for DCA Limited Incumbent Slots); J.A. 218-30 (Spirit Application for Two Slot Exemptions for DCA-SJC Service); J.A. 324-32 (Consolidated Answer of Spirit); JA 417-30 (Objection of Spirit to Show Cause Order); J.A. 465-73 (Consolidated Reply of Spirit Airlines, Inc.). Frontier failed to serve Spirit with its petition for review and did not list Spirit in its Certificate of Service in compliance with Fed. R. App. P. 15(c).

Frontier served only the Department of Transportation, apparently with the mistaken belief that the service rule applicable to informal rulemaking proceedings applied, *see* D.C. Cir. R 15(a), when the proceeding below was an agency adjudication or licensing proceeding under 5 U.S.C. § 554 or § 558, subject to the complete

---

[1] Spirit is filing a similar motion to intervene in case no. 25-1062.

- 1 -

service requirements of Fed. R. App. P. 15(c).[2] Spirit became aware of Frontier's petition only after it was served with a copy of Alaska Airlines' petition filed on February 14, 2025 in related case no. 25-1062 "before this court involving the same agency action or order." D.C. Cir. R. 15(b).

Spirit should be allowed to intervene to defend its interest in being eligible to receive limited incumbent carrier slot exemptions at DCA under the 2024 FAA Reauthorization in this proceeding, as well as in the future at DCA and other slot-restricted airports. Spirit meets this Court's intervention criteria which requires showing "Article III standing … timeliness … and whether the existing parties can be expected to vindicate the would-be intervenor's interests." *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232-33 (D.C. Cir. 2018).

Granting Spirit's motion is further supported by its eligibility to intervene in related case no. 25-1062, which challenges the same DOT Final Order. Spirit's intervention would not cause undue prejudice or delay to any party given Spirit's intent to abide by the existing briefing schedule. Nor will Spirit duplicate arguments made by other parties. Counsel for Petitioner Frontier Airlines has stated it opposes Spirit's

---

[2] Under these circumstances the Court could suspend the filing deadline pursuant to D.C. Cir. R. 2 or extend the period for intervention pursuant to Fed. R. App. P. 26(b).

intervention. Counsel for Respondent U.S. Department of Transportation has stated it opposes intervention in 25-1002 and takes no position on Spirit's intervention in 25-1062. Counsel for Intervenor Alaska Airlines has stated it opposes Spirit's intervention and will file opposition papers.

    **1.** Spirit's motion is timely filed less than 30 days after the petition was filed on February 14, 2025 in case no. 25-1062. *See* Fed. R. App. P. 15(d). Under D.C. Circuit Rule 15(b), Spirit's timely intervention in that case counts as a motion to intervene in case no. 25-1002. If the Court were to grant intervention it would apply to both cases.

    **2.** Spirit was never served by Frontier with its petition in this case. Beyond just failing to comply with Fed. R. App. P. 15(c), Frontier also "failed to first seek a stay from the agency, … [without] demonstrate[ing] that doing so would have been impracticable." Per Curiam Order, Docket No. 25-1002, at 1 (Feb. 6, 2025). Had Frontier first sought its requested relief with the agency, Frontier's request would very likely have been published to the adjudication docket, thereby informing Spirit and others of the existence of its petition for review. Instead, Spirit only became aware of the Frontier petition after being properly served by Alaska Airlines with its cross-petition for review in case no. 25-1062.

**3.** Spirit has Article III standing and a unique, direct, and substantial interest in: (i) acquiring the two slot exemptions awarded made available by Section 502 such that it can begin operating its proposed service between San Jose Mineta International Airport and DCA as soon as possible; and (ii) protecting its eligibility to receive limited incumbent carrier slot exemptions as a limited incumbent at DCA and other flight-restricted airports in the future. Spirit will be directly affected by this Court's decisions on what it means to be an "incumbent" as well as a "limited incumbent" airline as those terms are used in 49 U.S.C. §§ 41714-41718 and related statutes and regulations. These definitions are central issues in this case. If Spirit were not to prevail, it would be unable to operate its planned service to San Jose, could be blocked from receiving the valuable limited incumbent carrier slot exemptions under Section 502, and would be less likely to obtain limited incumbent carrier slots in the future. Thus, Spirit is directly affected by the outcome of this case.

**4.** None of the existing parties can fully vindicate Spirit's interests in this case as doing so would directly conflict with every other party's own interest in being eligible for the same limited incumbent carrier slot exemptions at DCA. Spirit believes the Department of Transportation erred below for two reasons: (1) it misapplied the meaning of an incumbent carrier by ignoring statutory text and FAA orders and regulations which identify an incumbent as a carrier that has previously held a

- 4 -

slot at an airport; and (2) it ignored statutory language which should have disqualified Alaska as a limited incumbent carrier based on its codeshare relationship at DCA with American Airlines through which the two carriers, combined, hold or operate 521 slots or slot exemptions – <u>501 more slots or exemptions</u> than the 20 permitted by 49 U.S.C. 41714(k) to qualify as a limited incumbent.

**5.** Both Frontier and Alaska disagree with Spirit on the first reason, and Alaska disagrees with Spirit on the second reason. The Department of Transportation disagrees with Spirit on both reasons, and deemed Spirit ineligible for the two limited incumbent slots because it did not agree that Spirit was an "incumbent" even if Spirit was a "limited incumbent." Spirit would address in its briefing why Spirit qualifies as both an incumbent and limited incumbent as of the date the 2024 Reauthorization Act became effective.

**6.** Spirit's position, consistent with decades of Department of Transportation implementation of the slot statutes, is that the definition of "incumbent" is determined by whether the carrier has held (owned) at least one slot at a particular airport after December 1985. That slot must <u>not</u> have been an "exemption" slot – *i.e.* an exemption by the Department of Transportation from the rules which restrict flights at certain times of the day to airlines holding slots, like the kind which were awarded to carriers in the proceeding below. A "limited" incumbent is an incumbent

- 5 -

carrier which has held at least one slot and less than the number of slots specified by statue since December 1985 (8 slots in the case of DCA). A "non-limited" incumbent is a carrier which has held more than the number of slots specified by statutes since December 1985.

7. Spirit is aligned with Frontier on the question of whether the Department of Transportation erroneously concluded Alaska qualifies a limited incumbent. Spirit and Frontier agree that because Alaska has maintained an extensive codeshare relationship with American Airlines for decades at DCA, Alaska is disqualified under 49 U.S.C. 41714(k) from receiving new slot or slot exemptions as a limited incumbent. However, Spirit's interests and positions in this case diverge outside of this issue.

8. Recognizing that the Court evaluates prejudice to other parties in deciding a motion to intervene, Spirit is prepared to file its opening brief by the same deadline by which *amici* brief in support of petitioner would be due – March 3, 2025. Spirit would, however, appreciate and request an additional one week until March 10, 2025, for its brief filing to be due, at the Court's discretion. Thus, at most, the briefing schedule would be pushed one week, or not at all. Neither would be reason for any party in this case to raise concern about prejudice or delay. Spirit would otherwise abide by all applicable deadlines already established in this case and its intervention

would thus not prejudice any party or cause delay. Notably, Intervenor Alaska opposed expedited review in this case, asking that "this Court's review should proceed in the ordinary course." Alaska Airlines, Inc.'s Response in Opposition to Frontier Airlines' Emergency Motion to Stay, No. 25-1002 (D.C. Cir. Jan. 27, 2025). Alaska has not taken any further action in its own case 25-1062 since filing the petition for review. The fact that Frontier just filed its brief one day ago will also enable Spirit to avoid making any duplicative arguments.

For these reasons, Spirit respectfully requests leave to intervene in support of Frontier's challenge to the erroneous Department of Transportation Final Order issued below.

Dated: February 25, 2025

Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young
jyoung@yklaw.com
*Counsel of Record*
David M. Kirstein
dkirstein@yklaw.com
Donald L. Crowell III
dcrowell@yklaw.com
**Kirstein & Young PLLC**
1750 K Street NW, Suite 700
Washington, DC 20006
Phone: (202) 331-3348
Fax: (202) 331-3933

*Counsel for Spirit Airlines, Inc.*

- 7 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1510 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f), and (2) this filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Charter font.

Dated: February 25, 2025

Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, Inc.*

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Spirit Airlines, Inc. is a publicly held corporation. It has no parent corporation.

No publicly-held corporation holds a 10% or greater ownership interest in Spirit.

Dated: February 25, 2025

Respectfully submitted,

<u>/s/ Joanne W. Young</u>
Joanne W. Young

*Counsel for Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on February 25, 2025, I electronically filed the foregoing motion with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system.

Dated: February 25, 2025                    Respectfully submitted,

                                            /s/ Joanne W. Young
                                            Joanne W. Young

                                            *Counsel for Spirit Airlines, Inc.*