No. 25-1002

In the

# United States Court of Appeals
## for the District of Columbia Circuit

FRONTIER AIRLINES, INC.,

*Petitioner,*

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent,*

ALASKA AIRLINES, INC.,

*Intervenor.*

On Petition for Review of a Final Order of the
United States Department of Transportation

**ALASKA AIRLINES, INC.'S RESPONSE IN OPPOSITION TO SPIRIT AIRLINES' MOTION TO INTERVENE**

Sarah Leitner
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Shay Dvoretzky
 *Counsel of Record*
Parker Rider-Longmaid
Steven Marcus
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Intervenor Alaska Airlines, Inc.*

# GLOSSARY

| | |
|---|---|
| FAA 2024 | FAA Reauthorization Act of 2024, Pub. L. No. 118-63, 138 Stat. 1025 |
| Alaska | Alaska Airlines, Inc. |
| DCA | Ronald Reagan Washington National Airport |
| DOT | Department of Transportation |
| FAA | Federal Aviation Administration |
| Frontier | Frontier Airlines, Inc. |
| Spirit | Spirit Airlines, Inc. |

# ALASKA AIRLINES, INC.'S RESPONSE IN OPPOSITION TO SPIRIT AIRLINES' MOTION TO INTERVENE

The Court should deny Spirit Airlines' request to intervene for three reasons. *First*, Spirit lacks standing to intervene to seek relief that Petitioner Frontier Airlines does not. *Second*, Spirit has missed the 60-day deadline under 49 U.S.C. § 46110(a) to file a petition challenging the Department of Transportation's (DOT) Final Order (JA485-96) finding it ineligible for the two limited incumbent slot exemptions. *Finally*, Spirit's motion comes far too late under Federal Rule of Appellate Procedure 15(d)'s mandatory time limit. Spirit's arguments for intervention ignore all but the last point, but all three are fatal.

**1.** The Court should not permit Spirit to intervene.

**a.** Spirit's stated interest in this case is in review of the Final Order's determination that *Spirit* is ineligible for the two limited incumbent slot exemptions. Spirit argues that it "should be allowed to intervene to defend its interest in being eligible to receive limited incumbent carrier slot exemptions at DCA." Mot. 2. But that is not an issue Spirit can raise in this case.

Under bedrock law, intervenors have standing only to argue the issues raised by the principal parties, and conversely, lack standing to expand the

scope of the issues in a case. *See Petro Star Inc. v. Federal Energy Regulatory Commission*, 835 F.3d 97, 110 (D.C. Cir. 2016). "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944). Otherwise, an intervenor could circumvent "the time limitations for filing a petition for review." *Illinois Bell Telephone Co. v. Federal Communications Commission*, 911 F.2d 776, 786 (D.C. Cir. 1990). Thus, this Court regularly denies intervention where the proposed intervenor seeks to expand the scope of relief the petitioner seeks. *See, e.g.*, *id.*; *Petro Star Inc.*, 835 F.3d at 110; *National Ass'n of Regulatory Utility Commissioners v. Interstate Commerce Commission*, 41 F.3d 721, 729 (D.C. Cir. 1994); *California Department of Water Resources v. Federal Energy Regulatory Commission*, 306 F.3d 1121, 1126 (D.C. Cir. 2002). Aligning with that caselaw, this Court's rules require an intervenor's brief to present only those arguments that are "relevant to the issues before this court." D.C. Cir. Local R. 28(d)(2). In short, even a "cursory reading of [this Court's] case law makes clear that a party who seeks to challenge an aspect of agency action not questioned by any other petitioner must file a separate petition for review." *National Ass'n of Regulatory Utility Commissioners*, 41 F.3d at 730.

These bedrock principles foreclose Spirit's intervention request. No proper party to this case—not Frontier, not Alaska, not DOT—has made Spirit's eligibility for limited incumbent slot exemptions an issue in this case. And Spirit's request to have the Court adjudicate *its* eligibility goes far beyond the dispute between the parties that Frontier has raised about Frontier's and Alaska's eligibility as limited incumbent carriers. DOT ruled that Spirit was ineligible on a question not presented here—because Spirit wasn't an incumbent at all, JA492—without reaching the limited incumbent question Frontier does present in this case. Indeed, Spirit claims that *neither* Frontier nor Alaska is eligible, but *it* is, because Spirit once operated flights with slots in the past, *see* JA424-26 (unlike Frontier, which operates at DCA through slot exemptions, *see* Frontier Br. 16). Spirit thus raises issues that have not "been raised by the principal parties," *National Ass'n of Regulatory Utility Commissioners*, 41 F.3d at 729, and it cannot argue otherwise by pitching its challenge at the "high level of generality," *Illinois Bell Telephone Co.*, 911 F.2d at 786, that it, too, wants slot exemptions. Simply put, Spirit cannot intervene because it seeks to expand the scope of relief Frontier's petition seeks by instead asking the Court to declare Spirit eligible.

**b.** Spirit cannot ask this Court to save its intervention motion by construing it as a petition for review, because Spirit has missed the deadline for such a petition. Spirit was free to file its own petition for review challenging DOT's determination that it was ineligible for limited incumbent slot exemptions. Rather than do that, however, Spirit watched the 60-day clock in 49 U.S.C. § 46110(a) tick by. That statute requires that a petition challenging an order issued by the DOT "must be filed not later than 60 days after the order is issued." 49 U.S.C. § 46110(a). Thus, Spirit had 60 days from the Final Order's issuance on December 17, 2024, to petition for review, but it failed to do so. Spirit cannot now circumvent "the time limitations for filing a petition for review … through the device of intervention." *Illinois Bell Telephone*, 911 F.2d at 786. Permitting intervention now would be "an evasion of clear jurisdictional requirements ordained by Congress for obtaining judicial review." *Alabama Power Co. v. Interstate Commerce Commission*, 852 F.2d 1361, 1367 (D.C. Cir. 1988).

Although the 60-day clock in § 46110(a) is not itself jurisdictional, *Avia Dynamics, Inc. v. Federal Aviation Administration*, 641 F.3d 515, 519-20 (D.C. Cir. 2011), it nonetheless imposes a mandatory rule. And Spirit has provided no reason why the Court should (or could) excuse compliance with that

- 4 -

mandatory time limit, especially given that Spirit's petition seeks relief that only Spirit can seek and that is not a proper issue in this case. And beyond all that, this Court frowns on construing an intervention motion as a petition for review even when the motion was filed within the statutory period to file such a petition (which is not the case here). *National Ass'n of Regulatory Utility Commissioners*, 41 F.3d at 730.

    **c.** Spirit's motion is also untimely under Federal Rule of Appellate Procedure 15(d), which provides that an intervention motion "must be filed within 30 days after the petition for review is filed." Spirit missed that deadline, too: Frontier petitioned for review on January 3, 2025, and Spirit sought intervention on February 25, 2025, well outside the 30-day window.

    **2.** Spirit's arguments to save its untimely motion fail.

    **a.** Spirit claims (Mot. 3) that it should be excused from complying with Rule 15(d)'s 30-day time limit because Frontier never served it with a copy of Frontier's petition. But Rule 15 doesn't recognize such an excuse. Regardless, Spirit's argument fails for a more fundamental reason: its intervention motion is not really an intervention motion, but a poorly disguised petition for review. Again, Spirit is seeking relief outside the scope of Frontier's petition, *see supra* pp. 1-3, so it needed to file its own petition within

- 5 -

§ 46110(a)'s 60-day time limit. Spirit failed to do so. And there is no notice problem there. Spirit missed its own deadline to seek its own relief.

**b.**     Spirit next claims (Mot. 3) that Rule 15(d)'s 30-day clock should run not from Frontier's petition but from Alaska's conditional cross-petition in *Alaska Airlines, Inc. v. Department of Transportation*, No. 25-1062. And, Spirit continues, if Circuit Rule 15(b) lets it intervene in No. 25-1062, then it can intervene in all cases involving the same DOT Order.

That argument fails for the same reasons discussed above (at 4-5) and then some. Again, Spirit wants to intervene to argue that it is eligible for limited incumbent slot exemptions. But Alaska's cross-petition in No. 25-1062 has nothing to do with eligibility for limited incumbent slot exemptions. Indeed, this Court just put those proceedings into abeyance until it resolves the limited incumbent slot exemptions issues in this case. Alaska's conditional cross-petition becomes relevant only if the Court finds that Alaska is not a limited incumbent such that Alaska needs to be able to compete for some of the eight non–limited incumbent slot exemptions currently allocated to other carriers. Simply put, the relief Alaska conditionally seeks in No. 25-1062 can do nothing for Spirit, which is not claiming it can compete as a non–limited incumbent. To the contrary, Spirit "did not provide air

transportation at DCA on the date of the enactment of FAA 2024," JA492, so it cannot qualify as a non–limited incumbent in any event. Spirit simply has no interest, much less standing to participate, in No. 25-1062. So, it cannot bootstrap from No. 25-1062 into this case, either.

Spirit may argue that the cross-petition "seek[s] vacatur of the full Order," Pet. 1-2, *Alaska Airlines, Inc.*, No. 25-1062 (Feb. 14, 2025), and vacatur would benefit Spirit by allowing Spirit to compete for the limited incumbent slot exemptions. But Alaska "seek[s] vacatur of the full Order" only conditionally—in the context that this Court would have already found it ineligible for the limited incumbent slot exemptions—and then only "so Alaska can apply to DOT as a non–limited incumbent air carrier for slot exemptions allocated to that other category of carriers." *Id.* at 2. The vacatur request thus targets only the non–limited incumbent slot exemptions. The cross-petition does not seek vacatur of the Order as to the limited incumbent slot exemptions—Alaska is obviously not asking this Court to vacate Alaska's own slot exemptions just to give Frontier (or Spirit) a chance to compete for them. To put it another way, Alaska's *conditional* cross petition seeks vacatur of 80% of the slot exemptions (the non–limited incumbent slot exemptions) *only if* the Court is already vacating 20% of the slot exemptions

- 7 -

(the limited incumbent slot exemptions). In short, the limited incumbent slot exemptions are not at issue in the cross-petition proceedings, and so Spirit, which seeks limited incumbent slot exemptions, has no interest in the cross-petition proceedings. Again, the only way for Spirit to seek review of its ineligibility, which is its stated goal for intervention, is by petitioning for review of the Final Order—which it failed to do.

## CONCLUSION

The Court should deny Spirit's intervention motion.

Dated: February 26, 2025

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
 *Counsel of Record*
Parker Rider-Longmaid
Steven Marcus
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Sarah Leitner
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

*Counsel for Intervenor Alaska Airlines, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(1) and (2) because, as calculated by Microsoft Word, it contains 1,635 words, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1). I also certify that this response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: February 26, 2025                Respectfully submitted,

/s/ Shay Dvoretzky
Shay Dvoretzky
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Intervenor*
  *Alaska Airlines, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(b) and Circuit Rule 25(f), I hereby certify that on February 26, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and the CM/ECF system will accomplish service.

Dated: February 26, 2025

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Intervenor
  Alaska Airlines, Inc.*