IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

FRONTIER AIRLINES, INC.,
    *Petitioner,*

    *v.*

U.S. DEPARTMENT OF TRANSPORTATION,
    *Respondent,*

ALASKA AIRLINES, INC.,
    *Intervenor.*

No. 25-1002

**RESPONSE IN OPPOSITION TO
SPIRIT AIRLINES' MOTION FOR LEAVE TO INTERVENE**

Respondent United States Department of Transportation (DOT) respectfully files this response in opposition to Spirit Airlines, Inc.'s motion for leave to intervene. The background facts and posture of this case are set forth in DOT's response in opposition to petitioner's stay motion. *See* DOT Stay Opp. 2-7. We recount here only those facts particularly pertinent to Spirit's intervention motion.

**1.** This case concerns a DOT final order awarding certain slot exemptions at Ronald Reagan Washington National Airport. *See* Dep't of Transp. Order 2024-12-8 (Dec. 17, 2024) (the Final Order). The Final

Order was issued and served on December 17, 2024. *See id.* Accordingly, any party seeking review of the Final Order needed to file a petition by February 18, 2025. 49 U.S.C. § 46110(a) ("The petition must be filed not later than 60 days after the order is issued."); Fed. R. App. P. 26(a)(1)(C).

**2.** Frontier Airlines, Inc. timely filed this petition for review. Frontier challenges two aspects of the Final Order: (1) that Frontier was ineligible to receive the two slot exemptions reserved for a limited incumbent air carrier, and (2) that Alaska Airlines, Inc., was eligible to receive those slot exemptions. *See, e.g.*, Pet'r Br. 23-36. This Court granted Alaska's motion to intervene as a respondent supporting DOT. *See* Order (Jan. 27, 2025).

**3.** Alaska also timely filed a conditional cross-petition for review. *See* Petition for Review, *Alaska Airlines, Inc. v. U.S. Dep't of Transp.*, No. 25-1062 (D.C. Cir. filed Feb. 14, 2025). Alaska intends "to seek vacatur of the full [Final] Order" if this proceeding results in the Court's holding the Final Order unlawful in part. *Id.* at 1. This Court has declined to consolidate the two petitions and instead has held Alaska's conditional cross-petition in abeyance pending the disposition of

Frontier's petition. *See* Order, *Alaska Airlines, Inc. v. U.S. Dep't of Transp.*, No. 25-1062 (D.C. Cir. Feb. 25, 2025).

**4.** Spirit now moves to intervene in both proceedings. *See* Mot. 2-3. This response addresses only the motion filed in the *Frontier* case (No. 25-1002).

**5.** Spirit's motion should be denied as untimely. Ordinarily, motions to intervene are due 30 days after a petition for review is filed. *See* Fed. R. App. P. 15(d). That deadline elapsed on February 3, 2025. *See* Fed. R. App. P. 26(a)(1)(C). In granting Alaska's timely motion for intervention, this Court indicated that any motions for intervention in support of petitioner should be filed by February 13, 2025. *See* Order (Jan. 27, 2025). The order explained that such a deadline was necessary to "allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioner." *Id.* That deadline also elapsed prior to Spirit's motion.

**6.** Spirit contends that its belated filing should be excused for two reasons, neither of which has merit. First, Spirit suggests that Frontier improperly failed to serve it with the petition. *See* Mot. 1-3. At this time, the government takes no position on the sufficiency of Frontier's

3

service. It bears note, however, that Alaska timely filed a motion to intervene despite the purportedly improper service. And more to the point, to the extent that Spirit wished to challenge the Final Order, it should have filed its own petition for review within the statutory deadline. "By failing to file a timely petition for review, [Spirit] forfeited any guarantee to judicial review of its claim." *American Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 590 (D.C. Cir. 2019) (per curiam). Spirit's ability to seek judicial review of the Final Order in no way depended on its awareness of Frontier's petition.

**7.** Second, Spirit suggests that because its motion to intervene was filed less than thirty days after Alaska's conditional cross-petition, it should be entitled to participate in both proceedings under Circuit Rule 15(b). Mot. 3. Whatever the ordinary application of Circuit Rule 15(b), this Court has decoupled the two petitions for review of the Final Order by declining to consolidate them. Order, *Alaska Airlines, Inc. v. U.S. Dep't of Transp.*, No. 25-1062 (D.C. Cir. Feb. 25, 2025). For good reason: the petitions raise discrete issues, and Frontier's petition is logically antecedent to Alaska's, which concerns only the scope of any remedy. Accordingly, Alaska's petition is being held in abeyance

4

pending the disposition of Frontier's petition. *Id.* In these circumstances, it makes little sense to allow Spirit to bootstrap its way into this case through a motion to intervene in a later-filed, procedurally separate matter.

8. Spirit's motion also suggests that it intends to raise new issues in this proceeding. *See* Mot. 4-6. But this Court has stressed that generally "[i]ntervenors may only argue issues that have been raised by the principal parties." *National Ass'n of Regulatory Util. Comm'rs v. Interstate Commerce Comm'n*, 41 F.3d 721, 729 (D.C. Cir. 1994). Absent such a rule, "the time limitations for filing a petition for review . . . could easily be circumvented through the device of intervention." *Illinois Bell Tel. Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990). Those circumvention concerns are evident here, as Spirit waited until after the statutory petition deadline to seek review of the Final Order. Because Spirit "presents no reason why it could not have petitioned in its own right" within the statutory deadline, this Court should "decline to consider its arguments." *U.S. Tel. Ass'n v. FCC*, 188 F.3d 521, 531 (D.C. Cir. 1999).

**9.** Moreover, allowing intervention at this late juncture would disrupt the expedited briefing schedule set by this Court. *See* Order (Feb. 6, 2025). DOT is already in the midst of preparing its merits brief due on an expedited basis on March 17, 2025. And elongating the briefing schedule would adversely affect the parties' interest in the prompt and orderly resolution of the petition. *See* DOT Stay Opp. 23-24.

**10.** To the extent that Spirit wishes to participate in this proceeding, it should file an amicus brief. *See* Fed. R. App. P. 29(a). Spirit's motion indicates that it is prepared to file a brief "by the same deadline by which amici brief[s] in support of petitioner would be due," Mot. 6, and the government would not oppose a timely filed amicus brief.

## CONCLUSION

For the foregoing reasons, Spirit's motion for leave to intervene should be denied.

                          Respectfully submitted,

                          MICHAEL S. RAAB

                          */s/ Simon C. Brewer*
                          SIMON C. BREWER
                          *Attorneys*
                          *Civil Division, Appellate Staff*
                          *U.S. Department of Justice*
                          *950 Pennsylvania Ave., N.W., Room 7529*
                          *Washington, D.C. 20530*
                          *(202) 616-5367*

FEBRUARY 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this response to a motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Century Schoolbook 14-point, a proportionally spaced font with serifs, and that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1041 words, according to the word count of Microsoft Word.

*/s/ Simon C. Brewer*
Simon C. Brewer

## CERTIFICATE OF SERVICE

    I hereby certify that on February 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                           */s/ Simon C. Brewer*
                                           Simon C. Brewer