Skadden, Arps, Slate, Meagher & Flom llp

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7370
DIRECT FAX
(202) 661-2370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

February 28, 2025

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Room 5205
Washington, DC 20001

>      RE:   *Frontier Airlines, Inc. v. United States Department of Transportation*, No. 25-1002 (D.C. Cir.): Material misstatement in Spirit Airlines, Inc.'s Reply in Support of Motion Seeking Leave to Intervene (Feb. 27, 2025)

Dear Mr. Cislak:

      I am writing to advise the Court of a material misstatement in Spirit Airlines, Inc.'s Reply in Support of Motion Seeking Leave to Intervene (Feb. 27, 2025). After Alaska Airlines, Inc., explained that an intervenor cannot expand the issues before the Court, *see* Alaska Airlines, Inc.'s Response in Opposition to Spirit Airlines' Motion to Intervene 1-3 (Feb. 26, 2025), Spirit now claims for the first time that it is not raising its own eligibility after all. To support that about-face, Spirit claims that it is merely seeking to intervene "to protect its status"—namely, that "DOT found that Spirit was a limited incumbent carrier because Spirit has held slots at DCA since December 1985." Reply 3.

      That statement is false. DOT did not find that "Spirit was a limited incumbent carrier." As DOT explained, a "two-part test applies: first, a carrier must be an incumbent on the date of enactment of FAA 2024; and second, a carrier must then also qualify for status as a limited incumbent carrier." JA403. And DOT twice found that Spirit failed the first step because it was not an incumbent carrier, so there was no need to consider whether Spirit qualified as a limited incumbent at the second step.

      *First*, in its Order to Show Cause, DOT tentatively determined that "Spirit does not meet the prerequisite of incumbency … as it did not provide air transportation at DCA as of May 16, 2024 (the date of enactment of FAA 2024)." JA403. DOT explained that

"Spirit has not engaged in air transportation at DCA since 2012 (after it sold its slots to Southwest)." JA403. Thus, DOT tentatively found "that Spirit is ineligible for an award in this proceeding." JA403.

*Second*, in the Final Order, DOT applied the same "two-part test" and found that because "Spirit did not provide air transportation at DCA on the date of the enactment of FAA 2024," Spirit was not "an 'incumbent carrier qualifying as a limited incumbent. The relevant question is not whether Spirit could be a limited incumbent under the terms of § 41714(h)(5), but whether Spirit was an incumbent at DCA on May 15, 2024. Spirit was not." JA492.

I ask that you please distribute copies of this letter to the Court as soon as possible given the accelerated briefing schedule and motions practice in this case. Spirit's statement is material because Spirit is attempting to use it to argue that it need not make arguments outside the issues raised by the parties in this case, but that contention is false. Spirit is attempting to use its misstatement to suggest that it is protecting its eligible status, but DOT has made clear that Spirit is not eligible, meaning that Spirit would need to file its own petition, which Spirit has not done or provided "reasonable grounds" for failing to do. 49 U.S.C. § 46110(a).

Respectfully,

Shay Dvoretzky

*Counsel for Intervenor
Alaska Airlines, Inc.*