**Kirstein & Young,** PLLC
*Attorneys at Law*

February 28, 2025

Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
E Barrett Prettyman U.S. Courthouse
333 Constitution Ave. NW
Room 5205
Washington, DC 20001

>  Re: *Frontier Airlines, Inc. v. United States Department of Transportation*, No. 25-1002: Alaska Surreply Letter Regarding Spirit's Reply in Support of Motion to Intervene

Dear Mr. Cislak:

This is to advise the Court of additional misrepresentations made by Counsel for Alaska Airlines, Inc. in a surreply styled as a letter and filed with the Court today. We ask that this letter be distributed to the Court as soon as possible given the pending motions and expedited schedule. We believe it is important for the Court to have this letter at the same time it receives Alaska's letter.

Alaska's letter is a blatant attempt to save face and mislead this Court after Spirit pointed out in its Reply that Alaska's Response had mischaracterized numerous cases and its own petition for review in Case No. 1062. *See* Spirit Reply at 1 (addressing Alaska's mischaracterization of the scope of its vacatur request in Case No. 1062), and at 5-7 (addressing Alaska's misrepresentation of holdings in numerous cases cited in its Response related to Spirit's intervention).

Alaska already spent a page in its Response attacking Spirit's eligibility, *see* Alaska Resp. 3, so filing an additional letter was completely out of bounds. Contrary to what Alaska states in its letter, Spirit is not raising any new issue in its Reply or in this case. As Spirit stated in its motion:

> The Department of Transportation disagrees with Spirit on both reasons [Frontier Issue #1 and Frontier Issue #2] and deemed Spirit ineligible for the two limited incumbent slots **because it did not agree that Spirit was an "incumbent" even if Spirit was a "limited incumbent."** Spirit would address in its briefing why Spirit qualifies as both an incumbent and limited incumbent as of the date the 2024 Reauthorization Act became effective.

Spirit Motion seeking Leave to Intervene, at 5 (emphasis added). As Spirit stated in its Reply, Spirit's eligibility is expressly tied to the Court's determination as to Frontier's eligibility. Even DOT in its

1750 K Street, N.W., Suite 700, Washington, D.C. 20006
202.331.3348 *tel*   202.331.3393 *fax*
www.yklaw.com

Show Cause Order agreed by comparing Spirit's eligibility with Frontier compared to Frontier. Nothing in Spirit's Reply is in any way misleading – Alaska's problem with Spirit's Reply is with the merits, which is completely inappropriate to raise in yet another filing via letter to the Court.

In the DOT Show Cause Order, J.A. 382-414, the agency found that Frontier "passes the first test for eligibility but not the second … since, at time of enactment of FAA 2024, Frontier did not hold or operate any non-exemption slots at DCA nor had ever sold or given up a slot at DCA after December 16, 1985." J.A. 402. Then DOT turned to Spirit. It found Spirit had previously held four slots, which "[i]n 2012, Spirit entered into an agreement to sell those four slots to Southwest." J.A. 402. DOT further determined:

> In contrast to Frontier, Spirit does not pass the first part of the test. Spirit has not engaged in air transportation at DCA since 2012 (after it sold its slots to Southwest). Therefore, Spirit does not meet the prerequisite of incumbency under § 41718(i)(3) as it did not provide air transportation at DCA as of May 16, 2024 (the date of enactment of FAA 2024).

J.A. 403. DOT clearly conveyed that Spirit was a limited incumbent.

The Court should not be fooled by Alaska's underhanded attempt to keep its competitor out of this case which will determine the statutory meaning of "incumbent" and "limited incumbent" for purposes of this proceeding and all future slot or slot exemption awards which rely on those terms.

Sincerely,

David M. Kirstein
*Partner*
Joanne W. Young
Donald L. Crowell
**Kirstein & Young, PLLC**

*Counsel for Spirit Airlines, Inc.*