[ORAL ARGUMENT NOT SCHEDULED]
No. 25-1002
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

FRONTIER AIRLINES, INC.,

Petitioner,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

Respondent,

ALASKA AIRLINES, INC.,

Respondent-Intervenor.
_____

On Petition for Review of a Final Order
of the United States Department of Transportation
_____

PETITIONER FRONTIER AIRLINES, INC.'S RESPONSE IN OPPOSITION TO
SPIRIT AIRLINES, INC.'S MOTION TO INTERVENE
_____

Aaron Schaer
  *Counsel of Record*
BALLARD SPAHR LLP
13313 Balfour Ave.
Huntington Woods, MI 48070
(206) 223-7103
schaera@ballardspahr.com

Lorene L. Boudreau
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8245
boudreaul@ballardspahr.com

*Counsel for Petitioner Frontier Airlines, Inc.*
_____

Petitioner Frontier Airlines, Inc. files this Response in Opposition to Spirit Airlines, Inc.'s Motion to Intervene. This Court should deny Spirit's Motion for the reasons stated in the Responses in Opposition filed by Respondent U.S. Department of Transportation (DOT) and Respondent-Intervenor Alaska Airlines, Inc., which Frontier joins in full. Frontier will not repeat DOT's and Alaska's arguments, but instead supplements those responses and offers additional reasons why Spirit's Motion should be denied. In short, Spirit's Motion should be denied because: (1) its intervention is untimely and improper; and (2) its late intervention would be unfairly prejudicial.

**A.     Spirit's motion to intervene is untimely and improper.**

1.   The FAA Reauthorization Act of 2024 (FAA 2024) creates a two-part test to be eligible for limited incumbent slot exemptions: (1) a carrier must be an "incumbent" at Ronald Reagan Washington National Airport (DCA) as of May 16, 2024; and (2) a carrier must be a "limited incumbent" at DCA as of that date. 49 U.S.C. § 41718(i)(3); J.A. 401.

2.   Spirit, Frontier, and Alaska all applied for the two limited incumbent slot exemptions in the DOT proceedings. *See* J.A. 383–414, 485–96. On December 17, 2024, DOT issued its Final Order in which (in relevant part) it: (1) denied Spirit's application because it was not an "incumbent" under part one of the test; (2) denied Frontier's application because it was not a "limited incumbent" under

part two of the test; and (3) awarded the two limited incumbent slot exemptions to Alaska after deeming Alaska eligible. *Id.* at 490–93.

3. On January 3, 2025, Frontier filed a Petition for Review challenging part of DOT's Final Order. Frontier served DOT with its Petition. Alaska moved to intervene on January 24, 2025. Spirit moved to intervene on February 25, 2025—53 days after Frontier's Petition, and 70 days after DOT's Final Order.

4. Spirit asserts that it should be excused from Federal Rule of Appellate Procedure 15(d)'s 30-day intervention deadline because Frontier did not serve its Petition on Spirit pursuant to Federal Rule of Appellate Procedure 15(c). Spirit Mot. at 3. Even if DOT's Final Order could be considered an "adjudication" or a "license" such that Frontier should have served all other parties in the administrative proceeding, nothing in Rule 15 extends the 30-day intervention deadline when a party is not served.

5. Moreover, Spirit failed to adhere to this Court's January 27, 2025 Order granting Alaska's timely intervention, which, for good reason, instructed that "[a]ny intervenor(s) intending to participate in support of petitioner must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s)."

6. Thus, under both Federal Rule of Appellate Procedure 15(d) and this Court's January 27 Order, Spirit's Motion to Intervene is untimely.

7. Spirit's Motion is also improper because it seeks to add new issues outside the scope of Frontier's Petition for Review.

8. Frontier's Petition is limited to two issues: (1) Frontier's eligibility for the limited incumbent slot exemptions; and (2) Alaska's eligibility for these same slot exemptions. Frontier Br. at 4. Both issues concern part two of FAA 2024's two-part test because DOT held that both Frontier and Alaska are incumbents under part one. J.A. 402, 403, 490–93.

9. Spirit expressly intends to raise completely new and separate issues: whether Spirit is an "incumbent" under part one of the test, and Frontier is not. Spirit Mot. at 5; Spirit Reply at 4. These questions are not before the Court as part of Frontier's Petition. And as discussed at length by DOT and Alaska, intervenors cannot expand the scope of the issues before the Court. *See* Alaska Opp. at 4–6; DOT Opp. at 5; *see also Lamprecht v. FCC*, 958 F.2d 382, 389 (D.C. Cir. 1992) ("[I]ntervenors 'may only join issue on a matter that has been brought before the court by another party.'") (quoting *Illinois Bell Tel. Co. v. FCC*, 911 F.2d 776, 785–86 (D.C. Cir. 1990) (declining intervenor's request for Court review of one aspect of the agency's order where the petitioners had sought review only of other

aspects of the order because the intervenor asked "to expand th[e] review proceeding by resolving an issue not raised in the petitions for review")).

10. Relatedly, Spirit is not forthright by claiming it "seeks leave to intervene in support of Petitioner, Frontier Airlines, Inc." Spirit Mot. at 1. Indeed, Spirit admits that its "interests in this case . . . would directly conflict with every other party's own interest in being eligible for the same limited incumbent carrier slot exemptions at DCA," *id.* at 4–5, and that it intends to challenge both Alaska's and Frontier's eligibility for the limited incumbent slot exemptions, while arguing that Spirit alone is entitled to them, Spirit Reply at 3–4. Spirit mischaracterization of its intervention as being "in support of Petitioner" cannot paper over the severe prejudice of allowing an adverse party to intervene after Frontier filed its Opening Brief. *See infra* ¶¶ 15–20.

11. Spirit contends that it is not raising new issues because "Frontier addresses both parts of the test in its brief." Spirit Reply at 3. To the extent Frontier mentions part one of the test regarding the term "incumbent" in its Opening Brief, it is mainly to describe the history of the agency proceedings. It is not, as Spirit implies, to challenge DOT's determinations on that point—for either Frontier or Alaska.

12. In sum, regardless of whether Spirit's failure to intervene within the deadlines provided by Federal Rule of Appellate Procedure 15(d) and the Court's

January 25 Order could be excused (which it should not), Spirit's Motion to Intervene should be denied because it is not, in fact, a proper motion to intervene.

13. Rather, the only appropriate way for Spirit to expand the issues to achieve its stated goals—*i.e.*, (1) overturning DOT's determination that *Spirit* is not an "incumbent" under FAA 2024, Spirit Mot. at 5; (2) protecting *Spirit's* status for future slot proceedings, *id.* at 2, 4; (3) holding that all other applicants are ineligible for the limited incumbent slot exemptions in FAA 2024, Spirit Reply at 4–5; and (4) obtaining the flight that *Spirit* applied for in the proceedings below, Spirit Mot. at 4—was by filing its own Petition for Review within 60 days of DOT's Final Order. Spirit has no excuse for failing to do that.

14. Spirit knew its alleged interests were at stake the moment DOT published its December 17, 2024 Final Order. *See* J.A. 491–92. It further knew that any challenge was subject to a 60-day deadline pursuant to 49 U.S.C. § 46110(a), the same deadline as Frontier. Spirit's ability to file its own Petition for Review was in no way contingent on being served with Frontier's Petition. Nor does Federal Rule of Appellate Procedure 15(c) provide that not receiving service of one party's Petition for Review somehow obviates another party's statutory window to seek appellate review under 49 U.S.C. § 46110(a). Spirit's argument that there is good cause to allow its untimeliness on the grounds that it could not

have known it needed to "protect its rights" earlier because it was not served with Frontier's Petition for Review is, simply, without merit. Spirit Reply at 8–9.

**B.      Spirit's untimely intervention is unfairly prejudicial.**

15. In addition, Spirit's participation should be denied because it would significantly prejudice Frontier and the other original parties. *See, e.g.*, DOT Opp. at 6.

16. Because "Rule 15(d) does not provide standards for intervention, . . . appellate courts turn to the rules governing intervention in the district courts under Fed. R. Civ. P. 24 as guidance." *Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 517–18 (7th Cir. 2004). Federal Rule of Civil Procedure 24(b)(3) directs courts to consider, even on a timely motion to intervene, "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Indeed, prejudice to the original parties is the most important consideration. *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) ("[T]he requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." (citing Charles Alan Wright et al., Federal Practice and Procedure § 1916, at 541 (3d ed. 2007) ("The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case.")).

17. Spirit recognizes that "the Court evaluates prejudice to the other parties in deciding a motion to intervene." Spirit Mot. at 6. But Spirit misapprehends the source of the prejudice. It is not, as Spirit argues, confined to potential impacts to the expedited briefing schedule. *See id.* at 6–7. Rather, it is that Spirit seeks to raise new and adverse issues *after* Frontier filed its Opening Brief.

18. Specifically, Frontier filed its Opening Brief on February 24, 2025. Even crediting Spirit's claim that it first learned of Frontier's case from Alaska's February 14, 2025 separate Petition for Review, Spirit then chose to wait nine additional days—until the evening that Frontier's Opening Brief was due—to contact Frontier's undersigned counsel regarding its intent to intervene. Frontier thus fully drafted its Opening Brief without knowing that Spirit intended to intervene, the new issues Spirit would raise, or the positions Spirit would take.

19. After Frontier filed its Opening Brief, Spirit told Frontier it would intervene in support of Frontier in this case. However, as discussed, Spirit's Motion and Reply tell a different story. Spirit is not solely supporting Frontier's position regarding Alaska's ineligibility—a position that Frontier adequately represents and for which Spirit's intervention would be wholly duplicative—rather, Spirit also intends to contest Frontier's eligibility, seeking the same slot exemptions for itself, and intending to raise issues that are otherwise not part of

this case. *See* Spirit Mot. at 4–5; Spirit Reply at 3. The timing of Spirit's proposed intervention—including the additional nine days it waited after it received notice—deprived Frontier the ability to address Spirit's arguments.

20. Thus, not only does Spirit fail to provide a legitimate reason to be excused from Rule 15(d)'s 30-day deadline to intervene or 49 U.S.C. § 46110(a)'s 60-day deadline to file a Petition for Review, all of Spirit's purported excuses are outweighed by the severe prejudice to Frontier (and the other parties) of allowing Spirit to intervene after Frontier filed its Opening Brief.

## CONCLUSION

In sum, Spirit had notice of DOT's Final Order no later than December 17, 2024. Even if Frontier should have served Spirit with its underlying Petition, this neither extends the 30-day intervention deadline nor excuses Spirit's failure to file its own Petition for Review within the 60-day statutory deadline. Finally, Spirit's untimeliness and lack of diligence cannot be excused in light of the severe prejudice its intervention would cause to the original parties.

*Signature on Next Page*

Dated: March 3, 2025

Respectfully submitted:

/s/  Aaron Schaer
Aaron Schaer
D.C. Circuit #65864
BALLARD SPAHR LLP
13313 Balfour Ave
Huntington Woods, MI 48070
Direct: 206.223.7103
Fax: 206.223.7107
schaera@ballardspahr.com

Lorene L. Boudreau
D.C. Circuit #55126
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Direct: 215.864.8245
Fax: 215.864.8999
boudreaul@ballardspahr.com

*Counsel for Petitioner Frontier Airlines, Inc.*

<u>CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND WORD-COUNT LIMITATIONS</u>

I hereby certify that this response to a motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Times New Roman 14-point, a proportionally spaced font with serifs, and that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,835 words, according to the word count of Microsoft Word.

                                          Respectfully submitted:

                                          <u>/s/ Lorene L. Boudreau</u>
                                          Lorene L. Boudreau
                                          D.C. Circuit #55126
                                          BALLARD SPAHR LLP
                                          1735 Market Street, 51st Floor
                                          Philadelphia, PA 19103-7599
                                          Direct: 215.864.8245
                                          Fax: 215.864.8999
                                          <u>boudreaul@ballardspahr.com</u>

                                          *Counsel for Petitioner Frontier Airlines, Inc.*

Dated: March 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I electronically filed the foregoing response to motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service is accomplished through the appellate CM/ECF system.

Respectfully submitted:

*/s/ Lorene L. Boudreau*
Lorene L. Boudreau
D.C. Circuit #55126
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Direct: 215.864.8245
Fax: 215.864.8999
boudreaul@ballardspahr.com

*Counsel for Petitioner Frontier Airlines, Inc.*