No. 25-1002

# In the United States Court of Appeals for the District of Columbia Circuit

FRONTIER AIRLINES, INC.,

*Petitioner*,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent,*

ALASKA AIRLINES, INC.,

*Intervenor.*

On Petition for Review of a Final Order of the U.S. Department of Transportation

**Reply of Spirit Airlines, Inc. to Frontier Airlines, Inc. in Support of Motion Seeking Leave to Intervene**

Joanne W. Young
*Counsel of Record*
David M. Kirstein
Donald L. Crowell III
KIRSTEIN & YOUNG PLLC
1750 K Street NW, Suite 700
Washington, DC  20006
(202) 331-3348

*Counsel for Spirit Airlines, Inc.*

## GLOSSARY

| | |
|---|---|
| 2024 FAA Reauthorization | FAA Reauthorization Act of 2024, Pub. L. No. 118-63, 138 Stat. 1025 |
| Alaska | Alaska Airlines, Inc. |
| DCA | Ronald Reagan Washington National Airport |
| DOT | Department of Transportation |
| Frontier | Frontier Airlines, Inc. |
| Spirit | Spirit Airlines, Inc. |

# REPLY OF SPIRIT AIRLINES, INC. TO FRONTIER AIRLINES, INC. IN SUPPORT OF MOTION SEEKING LEAVE TO INTERVENE

Frontier's Response seems to be trying for a Mulligan after failing to properly serve the required parties in this case: only a handful of airlines all listed in the caption of the DOT proceeding below, and parties which Frontier regularly serves with other filings on a regular basis. There was and is no burden to Frontier in complying with these basic requirements, which Frontier does not dispute. Frontier's response provides no reason whatsoever for its failure to serve—formally or informally—Spirit and the other airlines in the agency proceeding below.

Most of Frontier's objection focuses on alleged prejudice by Spirit intervening without alteration to the Court's expedited schedule. However, lacking is any explanation of actual prejudice. Indeed, not a single authority is cited in Frontier's Response which supports its claimed prejudice from an adverse party intervening, simply because the party is adverse.

A primary complaint Frontier makes is essentially wanting a copy of Spirit's brief before it was due, and even before Frontier's opening Petitioner brief would be due. This is meritless. The deadline for briefs in support of Petitioner are due seven days after Frontier's opening brief. Frontier is not entitled to have an intervenor file its brief before the Petitioner. Further, Frontier is already fully aware of Spirit's ar-

- 1 -

guments, all of which were raised in the proceeding below (and which Frontier frequently referenced below and in its brief here). *See, e.g.*, Frontier Br. 12-13 ("Frontier and Spirit Airlines objected to Alaska's application because of its codeshare, with Spirit noting that Alaska could apply for two of the eight *non-limited incumbent* slot exemptions instead of the only two provided for limited incumbents." (citations omitted)). Moreover, just as in any case with an intervenor-petitioner, Frontier will have an opportunity to address any disagreements with the merits of Spirit's brief in Frontier's reply, due April 7, 2025.

Frontier's read-between-the-lines reason for objecting to Spirit's intervention is ultimately because Spirit's interest is in one way adverse to that of Frontier. Contrary to what Frontier suggests, however, adversity to other parties' interests is not frowned upon but rather a required element an intervenor must show. Frontier seems to agree that Spirit meets this factor supporting intervention.

A. **Timeliness is a Flexible Factor in Intervention and Turns on Delay and Disruption, Neither of Which Result from Spirit's Intervention.**

"Without any rule that governs appellate intervention, [the Court has] looked elsewhere for guidance" including by considering the "'policies underlying intervention' in the district courts." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022). (quoting *Automobile Workers* v. *Scofield*, 382 U. S. 205, 217,

86 S. Ct. 373, 15 L. Ed. 2d 272, n. 10 (1965)). Under Fed. R. Civ. P. 24, timeliness is considered through the lens of prejudice or delay to other parties.

The factors determining the appropriateness of Intervention under Fed. R. Civ. P. 24 all weigh in favor of Spirit's intervention. "[P]ermissive intervention is an inherently discretionary enterprise" centered on whether intervention would be conducive to the fair administration of justice. *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir.1998) (cited by *Broidy Capital Mgmt. LLC v. Muzin*, 61 F.4th 984, 998 (D.C. Cir. 2023)); *see also Ass'n of Wash. Bus. v. United States EPA*, No. 23-cv-3605 (DLF), 2024 U.S. Dist. LEXIS 114090, at *9 (D.D.C. June 28, 2024) ("The Court retains considerable latitude to grant or deny intervention based on the particular circumstances of the case under Rule 24(b)." (internal quotations omitted)).

This Court has repeatedly noted that timeliness is merely one "factor" among others for approving permissive intervention. *E.g.*, *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) (finding intervenor motion filed "almost two years after the original parties had settled the case" timely); *accord Biden v. United States IRS*, Civil Action No. 23-2711 (RC), 2024 U.S. Dist. LEXIS 175304, at *37-38 (D.D.C. Sep. 27, 2024); *Humane Soc'y Int'l v. United States Fish & Wildlife Serv.*, Civil Action No. 16-cv-720 (TJK), 2021 U.S. Dist. LEXIS 195754, at *3-4 (D.D.C. Oct. 12, 2021);

*Yassin Muhiddin Aref v. Barr*, No. 1:10-cv-00539-BJR, 2020 U.S. Dist. LEXIS 246674, at *5 (D.D.C. June 25, 2020).

Other factors include whether the applicant's claim shares a question of law or fact in common with the main action, *Nat'l Children's Ctr.*, 146 F.3d at 1045, whether intervention will unduly delay adjudication of the original parties' rights, *id.*, the nature and extent of the applicant's interests, *Ctr. for Food Safety v. United States EPA*, Civil Action No. 23-1633 (CKK), 2024 U.S. Dist. LEXIS 53395, at *27-28 (D.D.C. Mar. 26, 2024), and the degree to which those interests are adequately represented by other parties, *id.* Spirit addressed how it satisfies these factors in its Motion. Frontier's response, meanwhile, goes off into a tangent which does not address any of these factors.

B. Spirit's Timeliness Does Not Prejudice Frontier

Rather than addressing intervention standards, Frontier directs the Court to take an unnecessarily restrictive approach to the non-mandatory 30-day Rule 15(d) intervention timeline. This is only at issue because of Frontier's failure to comply with this Court's service rules. Spirit's brief has already been timely submitted by the March 3 deadline for intervenor briefs in support of Petitioner, Fed. R. App. P. 29; D.C. Circuit Rule 28(d)(3), so there is no delay or disruption. Any noteworthy delay

- 4 -

or disruption that Spirit's intervention could have caused has been avoided by the Court aptly setting a deadline for Spirit's brief of March 3rd, which Spirit met.

As Spirit's opening brief demonstrates—and as noted in Spirit's reply to DOT and Alaska—Spirit directly addresses points "relevant to the issues before this court," D.C. Cir. R. 28(d)(2), which are presented by Frontier's petition in this case:

1. Whether "DOT's conclusion that Frontier does not qualify as a 'limited incumbent carrier' at DCA" was erroneous, Frontier Br. 4; and,

2. Whether "DOT's conclusion that Alaska is eligible for slot exemptions as a 'limited incumbent carrier' at DCA" notwithstanding Alaska's codeshare relationship with American under which they are counted as each holding over 500 slots at DCA, "far exceed[ing] the 20-slot threshold for eligibility," was erroneous, Frontier Br. 4.

In addressing these issues, Spirit's brief satisfies its status as an intervenor. Spirit has supported Frontier as Petitioner primarily because the two parties share a common objective in this case: reversal and remand of the DOT Order. Spirit also furthered Frontier's arguments against Alaska's eligibility and addressed the appropriateness of DOT's two-part test involving the definitions of "incumbent" and "limited incumbent" which applies directly to Frontier's stated challenge on appeal.

Frontier is wrong to claim the court would need to assess whether Spirit is an incumbent. Frontier Resp. 4. The remedies Spirit requests in its brief do not include or depend on the Court determining whether Spirit is an incumbent or a limited incumbent, but rather they stem from defining the statutory meaning of both terms.

## C. Frontier Does Not Assert any Legally Cognizable Prejudice Resulting from Spirit's Intervention

Frontier wrongly complains that "Spirit is not solely supporting Frontier's position regarding Alaska's ineligibility" as if this fact, which Spirit has been forthright about from the beginning, amounts to prejudice against Frontier justifying denial of Spirit's intervention. Frontier Resp. 8. To the contrary, the fact that Spirit's interests are not represented by, and indeed are adverse to, existing parties is a factor in favor of Spirit's intervention. *E.g., Ctr. for Food Safety v. United States EPA*, Civil Action No. 23-1633 (CKK), 2024 U.S. Dist. LEXIS 53395, at *27-28 (D.D.C. Mar. 26, 2024). Frontier is not prejudiced simply because Spirit may have interests that are adverse to Frontier's.

More importantly, the relevant form of prejudice regarding timeliness is delay and disruption. Spirit does not "prejudice" Frontier by making arguments that are contrary to Frontier's interests. Rather, Frontier seeks to bend the meaning of "prejudice" which here refers to unfairness and/or inhibition to the fair administration of

justice. As the old joke goes, Frontier is effectively saying to the court: "Spirit's intervention is prejudicial to our interests . . . Why? . . . Because it's devastating to our case."

Further—and as noted in Spirit's Reply to DOT and Alaska—if the Court overturns any part of the DOT decision on the issues raised by Frontier, then it would need to decide what to do with the slot exemptions wrongly awarded to Alaska. Spirit has an interest in how this Court shapes the relief requested by Frontier; namely vacatur and remand, *see* Frontier Br. 4, 7. How the Court decides the issue of Frontier's eligibility as an "incumbent" and "limited incumbent" would also impact Spirit's eligibility for the slot exemptions in this case as well as for future slot awards at DCA or any restricted airport – including eligibility for slots returned by other carriers to be reallocated. *See, e.g., Spirit Airlines, Inc. v. United States Department of Transportation*, 997 F.3d 1247 (D.C. Cir. 2021) (Spirit challenge for flight authorizations at Newark Liberty International Airport returned by Southwest Airlines to DOT/FAA).

### D. Failure to Serve Spirit and this Court's Agency Case Intervention Rules Justify Good Cause to Allow Intervention in Both Cases

The Court can and should waive or extend the 30-day deadline based on Frontier's egregious failure to serve Spirit. Federal Rule of Appellate Procedure 15(d) is

- 7 -

a non-jurisdictional filing deadline, which may be waived or extended for cause under Fed. R. App. P. 26(b). *See Wilkins v. United States*, 598 U.S. 152, 157 (2023) (Courts will "treat a procedural requirement as jurisdictional only if Congress clearly states that it is." (quotation marks omitted)). Rule 15(d) contains no clear jurisdictional statement or other context. Further, a motion to intervene is not among the limited set of filings for which Rule 26(b) specifies that courts may not extend the deadline. *See* Fed. R. App. P. 26(b).

Rule 15(d) is, as the Sixth Circuit has explained, "straightforward[ly]" a non-jurisdictional "claim-processing rule that the courts of appeals can excuse." *Int'l Union of Operating Eng'rs, Loc. 18 v. NLRB*, 837 F.3d 593, 596 (6th Cir. 2016); *see also Zeigler Coal Co. v. Off. of Workers' Comp. Programs*, 490 F.3d 609, 610 n.1 (7th Cir. 2007) (excusing untimeliness under Rule 15(d) for good cause shown and allowing intervention).

For these reasons, Spirit's motion to intervene should be granted.

Dated: March 10, 2025                      Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young
jyoung@yklaw.com
*Counsel of Record*
David M. Kirstein
dkirstein@yklaw.com
Donald L. Crowell III
dcrowell@yklaw.com
**Kirstein & Young PLLC**
1750 K Street NW, Suite 700
Washington, DC  20006
Phone: (202) 331-3348
Fax: (202) 331-3933

*Counsel for Spirit Airlines, Inc.*

USCA Case #25-1002   Document #2104929            Filed: 03/10/2025      Page 12 of 13

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1729 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f), and (2) this filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Charter font.

Dated: March 10, 2025                                  Respectfully submitted,

                                                                         /s/ Joanne W. Young
                                                                        Joanne W. Young

                                                                        *Counsel for Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on March 10, 2025, I electronically filed the foregoing Reply with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the Court's CM/ECF system.

Dated: March 10, 2025

Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, Inc.*